[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL JUDGMENT CT Page 9790
By agreement $150,000.00 of the proceeds of the sale in this foreclosure matter which was being held in escrow, was disbursed to the plaintiff.
The purchaser of this property in a foreclosure sale objects to having the entire $160,000 proceeds of the sale disbursed to the plaintiff.
The judgment of foreclosure by sale was entered on February 4, 1991. The sale date was July 6, 1991 at which time the Committee entered into a bond for deed which terms include:
 2. The Buyer assumes and agrees to pay all outstanding taxes due the Town of Bolton.
 6. It is expressly agreed and understood by and between the parties hereto that the transfers of title shall be within 30 days from the date of approval of said sale by the Superior Court for the Judicial District of Tolland at Rockville, or at such other time as said Court may order.
The Court approved the Committee report and deed on July 29, 1991, however, the defendant mortgagors appealed that decision. The trial court's decision was affirmed and thereafter, on October 13, 1992 the Committee Deed was ordered to be transferred to the successful buyer. The Committee Deed, dated July 29, 1991, conveys the premises subject to real estate taxes due the Town of Bolton on the lists of 1988 and 1989, and on the list of 1990 payable July 1, 1991 and due August 1, 1991 which taxes grantee herein assumes and agrees to pay.
By October, 1992 another year of property taxes became due to the Town of Bolton (those taxes on the list of October 1991 payable on July 1, 1992). The buyer asks that the tax amount due on the list of October 1991 be disbursed to him as CT Page 9791 he should not be liable for said tax.
The buyer, assuming no appeal had been taken, would have been liable for the taxes he now seeks credit for. In effect he may have been deprived of the use of the land pending the resolution of the appeal, but this Court views that as a risk of sale requiring Court approval. He has incurred no burden beyond that which he contracted to incur.
Accordingly, and since there is a deficiency to the plaintiff, the remaining proceeds of this sale now being held in escrow are ordered disbursed to the plaintiff.
BY THE COURT,
HON. LAWRENCE C. KLACZAK Superior Court Judge